UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

KIMBERLEY BRACHER
on behalf of herself and all
others similarly situated,

        Plaintiff,                                Case No. 21-cv-889

        v.

JAYBIRD SENIOR LIVING, INC., *et. al.*

        Defendants

## JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

### INTRODUCTION

Plaintiff, Kimberley Bracher, on behalf of herself and all others similarly-situated, and Defendants, Jaybird Senior Living, Inc.[1] and WIRC, LLC, jointly move this Court for preliminary approval of the Parties' settlement of this lawsuit in accordance with the Settlement Agreement & Release.

The Settlement Agreement & Release (ECF No. 27-1, "Agreement"), attached to this Joint Motion as **Exhibit 1**, provides for a total monetary settlement payment of up to $64,147.35 inclusive of attorneys' fees and costs. The Parties believe that the settlement is fair and reasonable, as it fully and adequately satisfies this Court's criteria for such settlements. As such, the Parties respectfully request that the Court enter an order which:

---

[1] Plaintiff Kimberly Bracher mistakenly named Jaybird Senior Livving, LLC as a Defendant in the Complaint. (ECF No. 1.) Jaybird Senior Living, Inc. (not Jaybird Senior Living LLC) is the proper party to the above-captioned lawsuit.

(1) Preliminarily approves the Agreement as a fair, reasonable, and adequate resolution of a *bona fide* dispute regarding unpaid wages;

(2) Certifies, for settlement purposes only, the proposed FED. R. CIV. P. ("Rule") 23 Class ("Rule 23 Class") and Collective pursuant to the Fair Labor Standards Act ("FLSA") section 29 U.S.C. § 216(b) ("FLSA Collective") (together the "Settlement Class");

(3) Appoints Walcheske & Luzi, LLC as counsel for the Settlement Class ("Class Counsel");

(4) Designates Plaintiff, Kimberley Bracher, as representative of the Settlement Class;

(5) Approves the mailing of notice to members of the Settlement Class in a form substantially similar to the Notice Packet attached as **Exhibit B** to the Agreement;

(6) Establishes deadlines for putative FLSA Collective members to file their "Consent to Join" forms in order to participate in the FLSA Collective;

(7) Establishes deadlines for putative Rule 23 Class members to exclude himself or herself from the case or object to the Agreement;

(8) Finds that such notice process satisfies due process;

(9) Directs that any member of the Rule 23 Class who has not properly opted out of the Agreement and any member of the FLSA Collective who timely filed his or her "Consent to Join" form, be bound by the Agreement in the event the Court issues a Final Order Approving Settlement;

(10) Directs that any member of the Rule 23 Class who wishes to object to the Agreement in any way must do so per the instructions set forth in the Notice Packet; and

2

(11) Schedules a hearing for final approval of the Agreement.

## STATEMENT OF FACTS

### I. PROCEDURAL HISTORY

On July 29, 2021, Plaintiff, Kimberley Bracher, filed her *Complaint* against Defendants Jaybird Senior Living, Inc. and WIRC, LLC (collectively "Defendants"), on behalf of herself and all other similarly-situated individuals. (ECF No. 1.) Therein, Plaintiff alleged, *inter alia,* violations of the FLSA and Wisconsin's Wage Payment and Collection Laws ("WWPCL"), to wit, Defendants failed to include all forms of non-discretionary compensation in hourly-paid, non-exempt employees' regular rates of pay, including Plaintiff's regular rate of pay, during workweeks in which said employees worked in excess of forty (40) hours. (*See* ECF No. 1, *passim*)

Thereafter, Defendants joined issue. (ECF Nos. 7 and 14). Therein, Defendants denied all material allegations in Plaintiff's *Complaint,* and affirmatively alleged that at all times relevant hereto, they acted lawfully and in good faith by compensating their employees for all overtime hours worked at the correct and lawful premium rate of pay for all hours worked in excess of forty (40) in a workweek in accordance with both the FLSA and WWPCL.

### II. SETTLEMENT BACKGROUND

Following written discovery, the Parties engaged in settlement dialogue via their respective counsel. On April 7, 2022, the parties reached a settlement agreement in principle. On August 22, 2022, the parties finalized their Agreement which they now request this Court to approve.

Plaintiff firmly believes in the viability and merit of her causes of action against Defendants. Conversely, Defendants have denied, and continues to deny, all liability and damages with respect to the causes of action asserted by Plaintiff. To avoid the burden, expense, and

uncertainty of continued litigation, however, the Parties concluded that it was in their best interests to privately resolve the litigation.

The Parties worked diligently to reduce the Agreement to writing, and to finalize the Notice of Class and Collective Action and Proposed Settlement and the allocation of the Settlement Fund.

## III.    THE AGREEMENT

The Agreement is attached as **Exhibit 1**, and is summarized below.

### A.    The Rule 23 Class and FLSA Collective

Because Plaintiff brought claims under both the FLSA and WWPCL, the case respectively involves both collective action and class action procedures. Plaintiff's WWPCL claims are governed by class action procedures under Rule 23, while Plaintiff's FLSA claims involve collective action procedures.

For settlement purposes only, the parties have agreed to certify the following Rule 23 Class pursuant to Rule 23:

> All current and former hourly-paid, non-exempt employees employed by Defendants at the "Apple Creek Place" facility (5117 N Cherryvale Ave, Appleton, WI 54913) between July 29, 2019 and July 29, 2021 who received remuneration in addition to their hourly rate of pay, such as bonuses, incentives, awards, and/or other rewards and payments, in workweeks in which they worked in excess of forty (40) hours and as identified in Exhibit A.

("Class Members") (*See* ECF No. 27-1 §§ 1.1, 1.23.)

For settlement purposes only, the parties have agreed to certify the following FLSA Collective pursuant to 29 U.S.C. § 216(b); that collective is defined as follows:

> All current and former hourly-paid, non-exempt employees employed by Defendants at the "Apple Creek Place" facility (5117 N Cherryvale Ave, Appleton, WI 54913) between July 29, 2019 and July 29, 2021 who received remuneration in addition to their hourly rate of pay, such as bonuses, incentives, awards, and/or other rewards and payments, in workweeks in which they worked in excess of forty (40) hours and as identified in Exhibit A.

4

("Collective Members") (*See* ECF No. 27-1 § 1.2, 1.23.)

### B.  Summary of the Agreement's Terms

The general terms of the Agreement can be summarized as follows:

- Defendants have agreed to contriubte a total of up to $64,147.35 to a Settlement Fund;

- For settlement purposes only, the Parties will certify the Rule 23 Class and FLSA Collective by stipulation; said stipulation has been filed herewith (ECF No. 26);

- Within thirty (30) days of the Court's Final Judgment, individual settlement checks will be delivered by Defendants to Plaintiff's Counsel, who will subsequently deliver such settlement checks to the Class Members and Collective Members (*See* ECF No. 27-1 § 3.4);

- If a member of the Rule 23 Class does not properly opt out from the settlement, he or she will be entitled to the amount set forth in Exhibit A to the Agreement (*See* ECF No. 27-1 § 3.4(C));

- If a member of the FLSA Collective files their Opt-In Consent Form in compliance with the procedures set forth in the Agreement, he or she will be entitled to the amount set forth in Exhibit A to the Agreement (*See* ECF No. 27-1 § 3.4(C));

- Any portion of the Settlement Fund that is not paid to a putative member of the Settlement Class due to an individual's exclusion from the settlement or failure to cash a settlement check within 120 days from the date the check is issued will revert to Defendants (*See* ECF No. 27-1 § 2.4);

- Upon approval by this Court, Plaintiff will receive a service payment in the amount set forth in said agreement (*See* ECF No. 27-1 § 3.3);

- Upon approval by this Court, Class Counsel will receive an amount intended to compensate Plaintiff's Counsel for attorneys' fees and costs spent litigating and resolving this matter, which the parties agree is reasonable (*See* ECF No. 27-1 § 3.2(A);

- In exchange for the above payments, the Plaintiff and Collective Members agree to release and forever discharge Defendants from any and all wage and hour claims that accrued while performing work for Defendants as hourly-paid, non-exempt employees, relating back to the full extent of the applicable statute of limitations, including without limitation all claims for unpaid wages, overtime wages, and related claims for penalties, interest, liquidated damages, attorneys' fees, costs and expenses, and any other claims derived from the alleged failure to pay such wages when due pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et. seq.* (ECF No. 27-1 §§ 4.1); and

- In exchange for the above payments, the Plaintiff and Class Members agree to release and forever discharge Defendants from any and all wage and hour claims that accrued while performing work for Defendants as hourly-paid, non-exempt employees, relating back to the full extent of the applicable statute of limitations, including without limitation all claims for unpaid wages, overtime wages, and related claims for penalties, interest, liquidated damages, attorneys' fees, costs and expenses, and any other claims derived from the alleged failure to pay such wages when due pursuant to the Wisconsin Wage Payment and Collection Law, WIS. STAT. Chapters 103 and 109 and Wis. Admin. Code §§ DWD 272 and 274. (ECF No. 27-1 § 4.2.)

The Parties believe the Agreement is fair and was reached at arm's length and in recognition of the risks faced by each of them. The settlement is structured to maximize payment to participating members of the Settlement Class. The Notice Packet proposed by the Parties

adequately informs the members of the Settlement Class of their right to participate in the settlement, to exclude themselves from the settlement, and to object to the settlement, as well as the legal implications of these actions. (ECF No. 27-1, Ex. B). Because the settlement is fair and was reached by the Parties at arm's length, the Parties jointly request that the Court grant preliminary approval of the Agreement and allow Class Counsel to mail the Notice Packet attached as Exhibit B to the Agreement.

**ARGUMENT**

## I.     PRELIMINARY APPROVAL OF THE AGREEMENT IS APPROPRIATE

### A.     The Criteria for Preliminary Approval Has Been Satisfied

Resolution of class action litigation by settlement is favored by the federal courts. *Isby v. Bayh*, 75 F.3d 1191, 1996 (7th Cir. 1996). Settlement of a FED. R. CIV. P. 23(b)(3) class action may be approved only if: (1) the individual class members are afforded a new opportunity to request exclusion from the settlement; (2) a hearing has been conducted; and (3) the court finds that the settlement is fair, reasonable, and adequate. FED. R. CIV. P. 23(e).

In reviewing a proposed settlement agreement, courts "must weigh the probabilities of victory or defeat as indicated by the legal or factual situation presented and determine whether the compromise, taken as a whole, is in the best interests" of the class members. *United Founders Life Ins. Co. v. Consumers National Life Ins. Co.*, 447 F.2d 647, 655 (7th Cir. 1971) (internal quotations omitted). Other factors the courts are to consider are the complexity, expense, and likely duration of the litigation; reaction of the class to the settlement; the stage of the proceedings and the amount of discovery completed; the risks of establishing liability; the risks of establishing damages; the ability of the defendant to withstand greater judgment; and the range of reasonableness of the

7

settlement funds to a possible recovery in light of all the attendant risks of litigation. *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974).

Preliminary approval of a class action settlement allows putative class members to receive notice of the proposed settlement terms and the date and time for the fairness hearing at which putative class members may be heard and further evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement agreement may be presented. *See* Manual for Complex Litigation at §§ 13.14, 21.632.

### 1.    The Agreement is fair, reasonable, and adequate

The Agreement's terms outlined above are fair and reasonable for the Parties. Real disputes exist between the Parties as to whether liability exists in this case and, if liability were proven, the extent of the damages. Specifically, the parties disagree on whether Defendants are joint employers of Plaintiff and the members of the Settlement Class, whether the remuneration in question is non-discretionary, the amount of past due overtime wages (if any), whether there was a willful violation of the FLSA and WWPCL, and the amount/extent of any award of liquidated damages and/or civil penalties due to the members of the Settlement Class.

The monetary value for each individual member of the Settlement Class was determined first by Defendants' counsel by recalculating each Settlement Class members' allegedly unpaid overtime wages in accordance with the methodology expressed by the United States Department of Labor and assuming that all compensation paid was non-discretionary in nature. Plaintiff's counsel then reviewed Defendants' counsel's audit of Defendants' payroll practices by reviewing actual payroll and time records. The parties thereafter agreed that these amounts constitute the *full* amount of overtime wages allegedly owed to the Settlement Class, and, depending upon each putative Settlement Class members' level of participation, the *full* amount of statutory liquidated

damages over a two-year statutory period. The Parties agree that the payments required in the Agreement provides a reasonable and adequate recovery of a *bona fide* wage dispute, based upon the parties' evaluation of the risks of continued litigation. Beyond this, the Agreement is structured to maximize payment to participating members of the Settlement Class by automatically issuing payments for individuals who do not exclude themselves from the Rule 23 Class because these payments are made without any requirement to file a claim.

### 2. <u>The Agreement was reached through extensive arm's length negotiations</u>

Despite the Parties' divergent views regarding Plaintiff's assertions in her *Complaint*, they were able to work toward a compromise in this matter and negotiate at arm's length to resolve the claims of Plaintiff and putative class members. The Parties engaged in extensive discussions during the course of the litigation.

### 3. <u>The settlement fund provides adequate relief for the Settlement Class and the proposed allocation method equitably divides the settlement funds</u>

The proposed settlement allocation, as reflected in Exhibit A to the Agreement, lists the amount of the Settlement Fund that each participating Settlement Class members will receive upon participation in the settlement. This is a reasonable recovery in light of the amount of all alleged unpaid overtime wages purportedly due by Defendants to its hourly-paid, non-exempt employees. The type of claims in dispute, and the risks in the case, including the risk that Plaintiff and putative Settlement Class members would receive nothing at trial. The settlement allocation has been calculated in the most precise manner possible and was agreed to by Class Counsel. The parties also considered the potential availability of liquidated damages, civil penalties and the extended statutory period, *i.e.* three (3) years rather than two (2) years.

### 4. **The requested service payment is reasonable**

The Seventh Circuit recognizes that service payments are appropriate in circumstances such as those presented by this case and look to the following relevant factors: actions the plaintiff took to protect the class's interests; the degree to which the class benefitted from those actions; and the amount of time and effort the plaintiff expended in pursuing litigation. *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998).

The Agreement provides that Plaintiff will receive a service payment in the amount of $1,500.00 in recognition of her efforts in this case, as well as the benefit each class member derived from those efforts. This service payment is fair and reasonable given the efforts undergone and risks assumed by Plaintiff in initiating litigation and securing a recovery on behalf of herself as well as on behalf of the Settlement Class. The service payment is reasonable and indeed *less* than other similar service payments approved by courts in the Eastern District. *See, e.g.*, *Slaaen, et al. v. Senior Lifestyle Corporation, et al.*, 18-cv-1562 (E.D. Wis. October 3, 2018) (Stadtmueller, J.); *Thomas Melzer v. Pro Label, Inc.*, Case No. 18-cv-1080, ECF No. 37 (E.D. Wis. January 23, 2020) (Griesbach, J.); *David Lee v. UL LLC*, Case No. 17-cv-1617, ECF No. 19 (E.D. Wis. November 25, 2019) (Griesbach, J.); *Nicholas Johnson v. National Technologies, Inc.*, No. 18-cv-462, ECF No. 57 (E.D. Wis., July 22, 2019) (Jones, J.); *John Weninger v. General Mills Operations, LLC*, Case No. 2018-cv-321, ECF No. 93 (E.D. Wis. April 18, 2019) (Stadtmueller, J.); and *Tracy Gerlach v. West Revenue Generation Services, et. al.*, Case No. 2018-cv-170, ECF No. 91 (E.D. Wis. January 3, 2019) (Griesbach, J.). Accordingly, the Parties submit that the service payment to Plaintiff is fair and reasonable under the circumstances and request that the Court approve the proposed service payment.

## 5.    The requested attorneys' fees and costs are reasonable

As a result of this litigation and in furtherance of its resolution, Defendants will compensate Class Counsel for Plaintiff's reasonable attorneys' fees and costs spent litigating this matter to date and the anticipated amount of attorneys' fees and costs that will continue to be spent litigating this matter through its ultimate conclusion, *i.e.* $39,500.00. Defendants do not oppose Class Counsel's request in this amount, which was negotiated with counsel for Defendants during settlement negotiations in this matter.

Further, this amount will *not* come from or be taken as a percentage or portion of a common settlement fund for any individuals who have chosen not to participate in the settlement. Defendants will pay this amount directly to Class Counsel, and the parties believe that this is fair, reasonable, and representative of the current actual and further anticipated amount of time and cost that Class Counsel has spent (and will continue to spend) litigating this matter through its ultimate conclusion.

Because this matter does not involve the payment of attorneys' fees and costs as a percentage of a common settlement fund, this Court does not need to apply common fund principles in order to approve Plaintiff's counsel's attorneys' fees and costs. *See, e.g., Florin v. Nations of Georgia, N.A.*, 34 F.3d 560, 564 (7th Cir. 1994) (stating that, "when a case results in the creation of a common fund for the benefit of the plaintiff class, the common fund doctrine allows plaintiffs' attorneys to petition the court to recover its fees out of the fund"); *see also Silverman v. Motorola Sols., Inc.*, 739 F.3d 956, (7th Cir. 2013); *In re Synthroid Mktg. Litig.,* 264 F.3d 712 (7th Cir. 2001); *In re Synthroid Mktg Litig.*, 325 F.3d 974 (7th Cir. 2003).

II.     **THE PUTATIVE RULE 23 CLASS AND FLSA COLLECTIVE SATISFY THE STANDARDS REQUIRED BY FEDERAL COURTS, AND SHOULD BE CERTIFIED.**

A.      **The Putative Rule 23 Class Satisfies the Implicit Standard of Definiteness Required by Courts.**

In addition to the standards stated in FED. R. CIV. P. 23(a) and 23(b), federal courts require that the implicit standards for certification be met: (1) the proposed class definition must be definite – that is, ascertainable, precise and objective and (2) Plaintiff must be a member of the class he or she represents. *Blihovde v., St. Croix*, 219 F.R.D. 617, 614 (W.D. Wis. 2003).

The members of the Rule 23 Class and FLSA Collective are definite. In fact, the Parties have identified these individuals, have produced timekeeping and payroll records regarding them, and have reasonably estimated their potential unpaid wages. The Rule 23 Class and FLSA Collective definition does not include any subjective criteria. The Rule 23 Class and FLSA Collective includes hourly-paid, non-exempt employees whd were subject to Defendants' payroll practices during a specific period of time. Plaintiff is a member of the class she represents, is a former hourly-paid, non-exempt employee of Defendants, and was subject to the pay practices at issue in the *Complaint*.

B.      **Plaintiff has Satisfied the FED. R. CIV. P. 23(a) Standards of Numerosity, Commonality, and Typicality and, with Her Counsel, Will Fairly and Adequately Protect the Interests of the Rule 23 Class Rule 23 Class and FLSA Collective.**

1.      **The Parties' proposed Rule 23 Class and FLSA Collective satisfies the numerosity requirement of FED. R. CIV. P. 23(a)**

The Seventh Circuit has held that the numerosity requirement of FED. R. CIV. P. 23(a) requires a showing that the number of members in the proposed class is so large as to make joinder impracticable. *Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 663-4 (7th Cir. 2004). Based on information provided by Defendants, there are seventy-five (75) putative Settlement Class

members. It would be administratively untenable to join each individual class member in this action and, therefore, numerosity has been met in this matter. *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir.1995) (citing *1 Newberg on Class Actions 2d*, § 3.05 (1985 ed.)), *see also Shields v. Local 705, Int'l Bhd. of Teamsters Pension Plan,* 188 F.3d 895, 897 (7th Cir.1999) (noting that class consisted of class representative "and 35 other[s]"); *Swanson v. Am. Consumer Indus., Inc.,* 415 F.2d 1326, 1333 n. 9 (7th Cir.1969) (40 class members is a sufficiently large group to satisfy Rule 23(a)).

**2.      Common questions of law and fact predominate because all putative members of the Settlement Class were subject to the same pay practices**

Rule 23(a) requires a finding that there are questions of fact or law which are common to the class. FED. R. CIV. P. 23(a)(2). This requires plaintiffs to show that they have all suffered the same injury, a "common contention" such that resolving the common issue will resolve all of the included claims in a single stroke. *Wal-Mart v. Dukes*, 131 S. Ct. 2541, 2551 (2011) ("What matters to class certification . . . is not the raising of common 'questions' . . . but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." (internal citations omitted)); *Williams-Green v. J. Alexander's Rests., Inc.*, 277 F.R.D. 374 (N.D. Ill. 2011) ("[Plaintiff] has demonstrated that his claims . . . arise from a common nucleus of fact based upon standardized conduct and, therefore, has satisfied the commonality requirement of Rule 23(a)(2).").

Questions common to the Class include whether Defendants are joint employers and had a policy in practice of failing to include all forms of non-discretionary compensation in hourly-paid, non-exempt employees' regular rates of pay, including Plaintiff's regular rates of pay.

The common questions of law and fact, as alleged in the *Complaint*, are sufficient to meet the FED. R. CIV. P. 23(a)(2) standard as they arise from a common nucleus of operative fact, namely Defendants' payroll policies.

### 3. Plaintiff's claims satisfy the typicality requirement as they are legally and factually similar to putative Rule 23 Class and FLSA Collective Members' claims

The typicality requirement is closely related to the question of commonality. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and his or her claims are based on the same legal theory. *De La Fuente v. Stokley-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). "The typicality and commonality requirements of the Federal Rules ensure that only those plaintiffs . . . who can advance the same factual and legal arguments may be grouped together as a class." *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 341 (7th Cir. 1997). The typicality requirement, however, focuses only on whether the plaintiff's claim is based on the same legal theory and arises from the same course of conduct that gives rise to the claims of the other members of the proposed class. *Rosario*, 963 F.2d at 1018. Typicality focuses on the defendant's actions leading to the alleged violation and not on possible particularized defenses against certain individual class members. *Wagner v. NutraSweet Co.*, 95 F.3d 527, 534 (7th Cir. 1996).

Plaintiff is a member of the Settlement Class. The legal theories advanced by Plaintiff - that Defendants failed to include all forms of non-discretionary compensation in the regular rate of pay for overtime calculation purposes - applies equally to Plaintiff and the members of the Settlement Class she seeks to represent. Because Plaintiff's claims involve the same legal theories

and arise from the same course of conduct that gives rise to the claims of the Rule 23 Class and FLSA Collective members, the typicality element has been satisfied.

### 4. Plaintiff and Class Counsel will fairly and adequately protect the interests of the Rule 23 Class and FLSA Collective

The final inquiry under Rule 23(a) consists of two parts: (1) the adequacy of Class Counsel; and (2) the adequacy of representation provided in protecting the different, separate and distinct interests of the Rule 23 Class members. *Retired Chicago Police Ass'n v. Chicago*, 7 F.3d 584, 598 (7th Cir. 1993) (quoting *Sec'y of Labor v. Fitzsimmons*, 805 F.2d 682, 697 (7th Cir. 1986) (*en banc*)).

Walcheske & Luzi, LLC seeks to represent the Rule 23 Class and FLSA Collective. Walcheske & Luzi, LLC has served as Class Counsel in numerous cases involving claims similar to Plaintiff's claims. *See, e.g.*, *Slaaen, et al. v. Senior Lifestyle Corporation, et al.,* 18-cv-1562 (E.D. Wis. October 3, 2018) (Stadtmueller, J.); *Thomas Melzer v. Pro Label, Inc.,* Case No. 18-cv-1080, ECF No. 37 (E.D. Wis. January 23, 2020) (Griesbach, J.); *David Lee v. UL LLC,* Case No. 17-cv-1617, ECF No. 19 (E.D. Wis. November 25, 2019) (Griesbach, J.); *Nicholas Johnson v. National Technologies, Inc.*, No. 18-cv-462, ECF No. 57 (E.D. Wis., July 22, 2019) (Jones, J.); *John Weninger v. General Mills Operations, LLC*, Case No. 2018-cv-321, ECF No. 93 (E.D. Wis. April 18, 2019) (Stadtmueller, J.); and *Tracy Gerlach v. West Revenue Generation Services, et. al.*, Case No. 2018-cv-170, ECF No. 91 (E.D. Wis. January 3, 2019) (Griesbach, J.).

Further, Plaintiff does not have any antagonistic or conflicting interests with the class members she seeks to represent. Plaintiff allegedly has been injured by the same conduct as the class members she seeks to represent and seeks compensation on her own behalf and on behalf of the class members she seeks to represent for those injuries. Plaintiff has thus satisfied the requirements of FED. R. CIV. P. 23(a).

**C.    Plaintiff has Satisfied the Fed. R. Civ. P. 23(b) Standards because Common Questions of Law and Fact Predominate Over any Individualized Inquiries and because Judicial Economy is Enhanced by Class Treatment**

In addition to meeting the FED. R. CIV. P. 23(a) standards, Plaintiff must satisfy one of the FED. R. CIV. P. 23(b) standards. Where, as is the case in this matter, Plaintiff seeks monetary damages, the inquiry properly focuses on FED. R. CIV. P. 23(b)(3). *Blihovde*, 219 F.R.D. at 619.

Under FED. R. CIV. P. 23(b)(3), certification of the class is proper where questions of law or fact common to the entire class predominate over individual claims and a class action is superior to other methods for fair and efficient adjudication. FED. R. CIV. P. 23(b). The Seventh Circuit has summarized this standard by stating that, "class action treatment is appropriate and permitted by Rule 23 when judicial economy from the consolidation of separate claims outweighs any concern with possible inaccuracies from their being lumped together in a single proceeding for a decision by a single judge or jury." *Mejdrech v. Met-Coil Sys. Corp.*, 319 F.3d 910, 911 (7th Cir. 2003).

### 1.    Common questions of law or fact predominate

The question to be answered here is whether the proposed class is sufficiently cohesive to warrant adjudication by representation. *Blihovde*, 219 F.R.D. at 620 (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997)). When challenging a uniform policy, the validity of those policies predominate over individual issues and class certification is appropriate. *Id*. (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 147 n. 20 (1982)). Further, where a uniform policy is challenged, individual inquiries into the application of that policy to an individual within the class will not supplant predominance. *Id*.

Through this settlement, the Parties have resolved a dispute regarding Defendants' policy and practices regarding their alleged failure to compensate hourly-paid, non-exempt employees at the proper and lawful overtime premium rates of pay which Plaintiff alleges violated the law.

Because the practices were uniformly applied to the Rule 23 Class and FLSA Collective members, and because this settlement resolves the Parties' disputes over these practices, common issues predominate in this matter, and the FED. R. CIV. P. 23(b)(3) standards have been met.

### 2. Class resolution is the superior method of resolving these claims

The final FED. R. CIV. P. 23(b)(3) requirement, superiority, also has been met in this case. In evaluating superiority, Courts consider: (1) the interests of the class members in controlling the prosecution of their own claims; (2) the existence of other pending litigation related to the same controversy; (3) the desirability of concentrating the claims in one forum; and (4) the difficulty of managing the class. FED. R. CIV. P. 23(b)(3). Neither Plaintiff nor Defendants are aware of any other pending litigation regarding this controversy.

The desirability of class resolution in this case is readily apparent by the size of the Rule 23 Class and FLSA Collective and the nature of the alleged violation. The challenged policy allegedly harmed each member of the putative class; however, the putative class members' individual interests in prosecuting these claims is small given the relatively modest monetary value of each individual's claim. To the extent that any member of the Settlement Class would prefer to litigate his/her claim separately, the class mechanism will provide him/her an opportunity to opt out of the Rule 23 Class and do so. Moreover, the monetary value of each member's claim is relatively modest such that individual adjudication of the claims is practically inefficient and unlikely.

Because a class is a superior method for resolving this dispute, Plaintiff requests that the Rule 23 Class and FLSA Collective classes be certified.

**D.** **The Parties' Proposed Notice and Manner of Service are Appropriate**

In order to protect the rights of absent members of a settlement class, the Court must provide the best notice practicable to all members. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174-75 (1985). Such a notice should define the class, describe clearly the options open to the class members and deadlines for taking action, describe the terms of the proposed settlement, disclose any special benefits provided to class representatives, provide information regarding attorneys' fees, indicate the time and place of the fairness hearing, explain the procedure for distributing settlement funds, provide information that will enable the class members to calculate individual recoveries, and prominently display the address and telephone number of class counsel and the procedure for making inquiries. Manual for Complex Litigation at § 21.312.

The Notice Packet, attached as Exhibit B to the Agreement, meets each of the above criteria. (ECF No. 20-1, Ex. B).

The parties jointly request that the Court set the following schedule in accordance with the Agreement:

(a) Within seventeen (17) days following this Court's Preliminary Approval Order, Plaintiff's Counsel will mail a copy of the Notice Packet to the Settlement Class Members via first-class mail;

(b) Members of the Settlement Class will have thirty (30) days after the initial mailing of the Notice Packet to exclude themselves from the case;

(c) Members of the Settlement Class will have thirty (30) days after the initial mailing of the Notice Packets to file their "Consent to Join" form in order to participate in the FLSA Collective;

(d) A direction that any application for attorneys' fees and costs be filed at least twenty-one (21) days prior to the Fairness Hearing, pursuant to Rule 23(h);

(e) A direction that any objection in support of final approval of the Agreement or to the application for attorneys' fees be filed at least fourteen (14) days prior to the Fairness Hearing;

(f) A direction that any supplemental brief in support of final approval of the Agreement or in response to any objections to the application for attorneys' fees be filed at least seven (7) days prior to the Fairness Hearing; and

(g) A final hearing on the fairness and reasonableness of the Agreement, and whether final approval shall be given to it, Class Counsel's request for attorneys' fees and costs, and Plaintiff's service award will be held before this Court on a date most convenient to the court, but in no case less than thirty (30) days after the Court preliminarily approves the Agreement.

## **CONCLUSION**

For all the reasons stated above, the parties respectfully request that the Court enter an order that: (1) preliminarily approves the Agreement attached as ECF No. 27-1; (2) certifies, for settlement purposes only, the proposed Rule 23 Class and FLSA Collective; (3) appoints Walcheske & Luzi, LLC as Class Counsel; (4) appoints Plaintiff, Kimberley Bracher, as representative of the Settlement Class; (5) approves the mailing of the Notice Packet to class members in a form substantially similar to Exhibit B to ECF No. 27-1; (6) sets deadlines for members of the Settlement Class to opt out of the case or object to the Agreement; (7) sets deadlines for members of the Settlement Class to opt in to the FLSA Collective; (8) find that such Notice process satisfies due process; (9) directs that any member of Rule 23 Class who has not

properly requested exclusion and FLSA Collective members who have chosen to participate to the FLSA Collective shall be bound by the Agreement in the event the Court issues a Final Order Approving Settlement; (10) a direction that any member of the Rule 23 Class or FLSA Collective who wishes to object to the Agreement in any way must do so per the instructions set forth in the Notice Packet; and (11) schedules a hearing for final approval of the Agreement.

Dated this 1st day of September, 2022

**s/ David M. Potteiger**

James A. Walcheske, WI Bar No. 1065635
Scott S. Luzi, WI Bar No. 1067405
David M. Potteiger, WI Bar No. 1067009

Walcheske & Luzi LLC
235 North Executive Drive, Suite 240
Brookfield, Wisconsin 53005

Telephone: (262) 780-1953

Email: jwalcheske@walcheskeluzi.com
Email: sluzi@walcheskeluzi.com
Email: dpotteiger@walcheskeluzi.com

*Attorneys for Plaintiff*

**s/ Sarah E. Crippen**

Sarah E. Crippen, MN Bar No. 223074
Kyle Hardwick, MN Bar No. 0395186

Best & Flanagan LLP
60 South Sixth Street, Suite 2700
Minneapolis, Minnesota 55402
Telephone: (612) 341-9733

Email: scrippen@bestlaw.com
Email: khardwick@bestlaw.com

*Attorneys for Defendant WIRC, LLC*

47841003

**s/ Christopher K. Schuele**

Robert S. Driscoll, WI Bar No. 1016881
Christopher K. Schuele, WI Bar No. 1093960
Matthew R. DeLange, WI Bar No. 1122466

Reinhart Boerner Van Deuren SC
1000 North Water Street, Suite 1700
Milwaukee, Wisconsin 53202

Telephone: (414) 298-1000

Email: rdriscoll@reinhartlaw.com
Email: cschuele@reinhartlaw.com
Email: mdelange@reinhartlaw.com

*Attorneys for Defendant Jaybird Senior Living, Inc.*