UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

KIMBERLEY BRACHER
on behalf of herself and all
others similarly situated,

       Plaintiff,                              Case No. 21-cv-889

      v.

JAYBIRD SENIOR LIVING, INC., *et. al.*

       Defendants.

## JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT

Plaintiff, Kimberley Bracher, on behalf of herself and all others similarly situated, and Defendants, Jaybird Senior Living, Inc.[1] and WIRC, LLC, jointly move this Court for final approval of the settlement in this matter in accordance with the parties' fully executed "Settlement Agreement and Release." (ECF No. 27-1.)

Accordingly, the parties request that the Court:

1. Certify the WWPCL Class pursuant to FED. R. CIV. P. 23 and the FLSA Collective pursuant to 29 U.S.C. § 216(b);

2. Approve the Agreement as a fair, reasonable, and adequate resolution of a *bona-fide* wage dispute under the FLSA and the WWPCL;

3. Appoint Kimberley Bracher as Class Representative for the WWPCL Class and FLSA Collective;

4. Appoint Walcheske & Luzi, LLC as counsel for the WWPCL Class and FLSA Collective;

5. Declare the Agreement to be binding on the Parties; and

---

[1] Plaintiff Kimberley Bracher mistakenly named Jaybird Senior Living, LLC as a Defendant in the Complaint. (ECF No. 1.) Jaybird Senior Living, Inc. (not Jaybird Senior Living, LLC) is the proper party to the above-captioned lawsuit.

6. Dismiss with prejudice the WWPCL Class and FLSA Collective members' released claims.

## SETTLEMENT BACKGROUND, NOTICE, AND PARTICIPATION

On September 1, 2022, the parties filed their Joint Motion for Preliminary Approval of Class Action Settlement and Class Certification for the Purposes of Settlement, (ECF No. 27), and their fully executed "Settlement Agreement and Release." (ECF No. 27-1.)

For settlement purposes only, the parties sought certification of a collective under the FLSA, 29 U.S.C. § 216(b), defined as follows (hereinafter the "FLSA Collective"):

> All current and former hourly-paid, non-exempt employees employed by Defendants at the "Apple Creek Place" facility (5117 N Cherryvale Ave, Appleton, WI 54913) between July 29, 2019 and July 29, 2021 who received remuneration in addition to their hourly rate of pay, such as bonuses, incentives, awards, and/or other rewards and payments, in workweeks in which they worked in excess of forty (40) hours and as identified in Exhibit A.

("Collective Members") (*See* ECF No. 27-1 §§ 1.1, 1.25.)

For settlement purposes only, the parties also sought certification of a class under WWPCL, WIS. STAT. § 109.01 *et seq.*, WIS. STAT. § 104.01 *et seq.*, WIS. STAT. § 103.001 *et seq.*, WIS. ADMIN. CODE § DWD 274.01 *et seq.*, and WIS. ADMIN. CODE § DWD 272.001 *et seq.* and Rule 23, defined as follows (hereinafter, the "WWPCL Class"):

> All current and former hourly-paid, non-exempt employees employed by Defendants at the "Apple Creek Place" facility (5117 N Cherryvale Ave, Appleton, WI 54913) between July 29, 2019 and July 29, 2021 who received remuneration in addition to their hourly rate of pay, such as bonuses, incentives, awards, and/or other rewards and payments, in workweeks in which they worked in excess of forty (40) hours and as identified in Exhibit A.

("Class Members") (*See* ECF No. 27-11 §§ 1.1, 1.25.)

On September 15, 2022, this Court preliminarily approved the parties' settlement. (ECF No. 28.) Among other things, the Court:

(1) Preliminarily approved the Settlement Agreement as a fair, reasonable, and adequate resolution of a *bona-fide* wage dispute under the FLSA and the WWPCL;

(2) Appointed, for settlement purposes only, Plaintiff's Counsel, Walcheske & Luzi, LLC, as Class Counsel for the FLSA Collective and WWPCL Class;

(3) Appointed, for settlement purposes only, Kimberley Bracer as the Class Representative for the FLSA Collective and WWPCL Class;

(4) Approved the parties' "Notice of Class and Collective Action and Proposed Settlement" sent to members of the Settlement Class in a form that was substantially similar to that which is attached to the Settlement Agreement as an exhibit;

(5) Approved the distribution method of the "Notice of Class and Collective Action and Proposed Settlement" sent to members of the Settlement Class as the best notice practicable under the circumstances, consistent with due process, and as valid and sufficient notice in accordance with applicable law;

(6) Ordered that members of the WWPCL Class have thirty (30) calendar days after the date of the mailing of the "Notice of Class and Collective Action and Proposed Settlement" to opt-out of the WWPCL Class;

The Court has scheduled a Fairness Hearing for Thursday, December 15, 2022 at 1:30 p.m. (ECF No. 30.)

On October 4, 2022, Plaintiff's counsel sent the "Notice of Class and Collective Action and Proposed Settlement" via U.S. Mail to members of the Settlement Class. (Declaration of David M. Potteiger ("Potteiger Decl."), ¶ 26.) WWPCL Class members had thirty (30) calendar days after October 4, 2022 – or until November 3, 2022 – to opt-out of the WWPCL Class (hereinafter simply, the "WWPCL Notice Period"). (*Id*.) By the end of the WWPCL Notice Period, no individuals chose to opt-out of the WWPCL Class. (*Id*.)

In total, there are seventy-five (75) individuals who are WWPCL Class Members, including Plaintiff. (*Id*.) There are a total of eleven (11) individuals who opted-in to the FLSA collective, including Plaintiff. (*Id*.) To date, counsel for the parties have not received any objections to the settlement and are unaware of any opposition to the settlement. (*Id.* at ¶ 34.)

## REMAINING PROCEDURE TO CONCLUDE THIS LITIGATION

Upon final approval of the parties' settlement by this Court, Defendants' counsel will provide Plaintiff's counsel with settlement checks for the Settlement Class within thirty (30) calendar days of the Court's Order entry. (ECF No. 27-1 § 2.3.) Once Plaintiff's counsel receives the settlement checks from Defendants' counsel, Plaintiff's counsel will send the settlement checks to the Settlement Class via U.S. Mail as soon as practicable. (Potteiger Decl., ¶ 30.) Settlement Class members will have one hundred and twenty (120) days to cash their individual settlement checks (otherwise the individual settlement checks and amounts will revert to and be retained by Defendants). (ECF No. 27-1 § 2.4.)

## DISCUSSION

### I. FINAL SETTLEMENT APPROVAL STANDARD

Resolution of class action litigation by settlement is favored. *Isby v. Bayh*, 75 F.3d 1191, 1996 (7th Cir. 1996). Employees can bargain, waive, or modify their rights under the FLSA if the court approves of the parties' settlement as a fair and reasonable resolution of a bona fide dispute over alleged violations of the FLSA, and the Court enters the settlement as a stipulated judgment. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Similarly, the Court may approve the settlement of a FED. R. CIV. P. 23 class action if: (1) the individual class members are afforded a new opportunity to request exclusion from the settlement; (2) a hearing has been conducted; and (3) the court finds that the settlement is fair, reasonable, and adequate. FED. R. CIV. P. 23(e).

In making this determination, the court "must weigh the probabilities of victory or defeat as indicated by the legal or factual situation presented and determine whether the compromise, taken as a whole, is in the best interests" of the class/collective members. *United Founders Life*

*Ins. Co. v. Consumers National Life Ins. Co.*, 447 F.2d 647, 655 (7th Cir. 1971) (internal quotations omitted). The Seventh Circuit considers other factors when determining whether a proposed class action settlement is fair, adequate, and reasonable, such as: (a) the strength of the plaintiff's case, weighed against the settlement offer; (b) the complexity, length, and expense of further litigation; (c) the presence or absence of collusion between the parties; (d) the opinion of competent counsel; (e) the reaction of class members to the proposal; and (f) the stage of proceedings and discovery completed. *Armstrong v. Bd. of Sch. Dirs. of the City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873, 875 (7th Cir. 1998), *aff'd sub nom. California Pub. Employees' Ret. Sys. v. Felzen*, 525 U.S. 315 (1999).

## II. FINAL SETTLEMENT APPROVAL IS APPROPRIATE IN THIS CASE

This case involves a *bona fide* dispute over whether Defendant violated the FLSA and the WWPCL as alleged by Plaintiff, including disputes on liability, class and collective certification, and damages. The ultimate resolution of this matter was reached with arm's length settlement negotiations between counsel for the parties. (Potteiger Decl., ¶¶ 18-23.) During this time, counsel for the parties communicated and engaged in substantive discussions and debates with each other regarding legal authority relevant to Plaintiff's cause(s) of action and Defendants' separate defenses, and discussed the monetary and non-monetary terms and conditions of settlement, as well as the timelines, processes, and procedures of settlement. (*Id.*) Those negotiations have resulted in the parties' finalized and fully-executed Settlement Agreement. (ECF No. 27-1.)

Throughout the litigation of the case, the parties thoroughly investigated and analyzed both the merits of Plaintiff's claims against each Defendant under the FLSA and the WWPCL and Defendants' potential exposure. (Potteiger Decl., ¶¶ 18 and 20.) While Plaintiff maintains a strong belief in her position on liability, class and collective treatment, and damages, she also recognizes

the potential issues on which she would be required to prevail if the case proceeded to trial, including: establishing that Defendants, or either of them, were Plaintiff's employer under the FLSA; establishing that the payments at issue were, in fact, non-discretionary in nature; establishing that Defendants had a uniform policy in practice which failed to include said payments in the putative Settlement Class Members' regular rates of pay for overtime calculation purposes; establishing that the WWPCL Class and the FLSA Collective are, in fact, similarly situated to Plaintiff for purposes of final certification; establishing that Defendants did not act in good faith; and establishing that Defendants willfully violated the FLSA for a three (3) year statute of limitations to apply. (*Id*. at ¶ 23.) Failure to succeed on any of these issues would likely result in material adverse effects on Plaintiff's claims, if not bar recovery in total. (*Id*.)

Considering the number of issues faced, Plaintiff recognized that the prospect of expeditious resolution outweighed the continued time, effort, expense, and risk of litigation for both parties, including the substantial and almost immediate prospect of additional and continued discovery, depositions, document review and production, and the filing of certification, de-certification, and dispositive motions. (*Id*.)

Further, the time and investment in continued litigation would be substantial. The parties were preparing to embark on significant further discovery immediately before settlement including depositions and engagement of expert witnesses that would have required substantial financial investment from the parties and their counsel before dispositive motions and trial. Even if Plaintiff were to prevail at trial, there is still the prospect that Defendants would appeal any number of the issues mentioned and only further delay any recovery for Plaintiff and the Settlement Class Members. (*Id*.)

Ultimately, Plaintiff's counsel believes that this is an excellent result for Plaintiff and the Settlement Class. The monetary value for each individual member of the Settlement Class was determined first by Defendants' counsel by recalculating each Settlement Class members' allegedly unpaid overtime wages in accordance with the methodology expressed by the United States Department of Labor and assuming that all compensation paid was non-discretionary in nature. (*Id*. at ¶ 20.) Plaintiff's counsel then reviewed Defendants' counsel's audit of Defendants' payroll practices by reviewing actual payroll and time records. (*Id*.) The parties thereafter agreed that these amounts constitute the full amount of overtime wages allegedly owed to the Settlement Class, and, depending upon each putative Settlement Class members' level of participation, the *full* amount of statutory liquidated damages over a two-year statutory period. (*Id*. at ¶ 21.)

The Parties agree that these overtime amounts constitute a reasonable and adequate recovery of a *bona fide* wage dispute, based upon the Parties' evaluation of Defendants' payroll and time records and the risks of continued litigation. (*Id*. at ¶ 22.) Beyond this, the Settlement Agreement is structured to maximize payment to participating members of the Settlement Class by automatically issuing payments for individuals who do not exclude themselves from the Rule 23 Class because these payments are made without any requirement to file a claim. The payments constitute *all* alleged unpaid wages and statutory liquidated damages during the full two (2) year statutory period pursuant to the WWPCL. (*Id*. at ¶ 21.) Likewise, those Settlement Class members who elected to participate in the FLSA Collective will receive all alleged unpaid wages and statutory liquidated damages during the two (2) year statutory period pursuant under the FLSA. (*Id*.)

To date, counsel for the parties have not received any objections to the settlement and are unaware of any opposition to the settlement. (*Id*. at ¶ 23.)

## III. PLAINTIFF'S SERVICE AWARD PAYMENT AND PLAINTIFF'S COUNSEL'S ATTORNEYS' FEES AND COSTS

In anticipation of the Fairness Hearing in this matter and in support of these awards and payments, Plaintiff's counsel has filed a Motion for Approval of Plaintiff's Service Award. (ECF No. 33) and Petition for Approval of Attorneys' Fees and Costs, (ECF No. 34) contemporaneously herewith, and Defendants have agreed not to oppose these motions and further agree that the amounts requested are fair and reasonable. (ECF No. 24-1 §§ 3.2(A) and 3.3(A).)

## CONCLUSION

For all of the reasons above, the parties respectfully request that this Court:

1. Certify the WWPCL Class pursuant to FED. R. CIV. P. 23 and the FLSA Collective pursuant to 29 U.S.C. § 216(b);

2. Approve the Agreement as a fair, reasonable, and adequate resolution of a *bona fide* wage dispute as it applies to the WWPCL Class and FLSA Collective;

3. Appoint Kimberley Bracher as Class Representative for the WWPCL Class and FLSA Collective;

4. Appoint Walcheske & Luzi, LLC as counsel for the WWPCL Class and FLSA Collective;

5. Declare the Agreement to be binding on the Parties;

6. Dismiss with prejudice the WWPCL Class and FLSA Collective members' released claims;

7. Approve the settlement payments to the Settlement Class;

8. Instruct Defendants' counsel to provide Plaintiff's counsel with settlement checks for the Settlement Class within thirty (30) calendar days of the entry of Judgment;

9. Instruct Plaintiff's counsel to send the settlement checks to the Settlement Class via U.S. Mail following receipt of the settlement checks from Defendants' counsel;

10. Instruct that the Settlement Class has one hundred and twenty (120) days to cash their individual settlement checks, otherwise the individual settlement checks and amounts will revert to and be retained by Defendants;

11. Grant Plaintiff's unopposed request for approval of her attorneys' fees and case-related costs and expenses in the amount of $39,500.00, which the parties have stipulated and agreed are reasonable; and

12. Grant Plaintiff's unopposed request for approval her service award in the amount of $1,500.00, which the parties have stipulated and agreed is reasonable.

Dated this 22nd day of November, 2022

| | |
|---|---|
| **s/ *David M. Potteiger*** | **s/ *Christopher K. Schuele*** |
| James A. Walcheske, WI Bar No. 1065635 | Robert S. Driscoll, WI Bar No. 1016881 |
| Scott S. Luzi, WI Bar No. 1067405 | Christopher K. Schuele, WI Bar No. 1093960 |
| David M. Potteiger, WI Bar No. 1067009 | Matthew R. DeLange, WI Bar No. 1122466 |
| | |
| Walcheske & Luzi LLC | Reinhart Boerner Van Deuren SC |
| 235 North Executive Drive, Suite 240 | 1000 North Water Street, Suite 1700 |
| Brookfield, Wisconsin 53005 | Milwaukee, Wisconsin 53202 |
| | |
| Telephone: (262) 780-1953 | Telephone: (414) 298-1000 |
| | |
| Email: jwalcheske@walcheskeluzi.com | Email: rdriscoll@reinhartlaw.com |
| Email: sluzi@walcheskeluzi.com | Email: cschuele@reinhartlaw.com |
| Email: dpotteiger@walcheskeluzi.com | Email: mdelange@reinhartlaw.com |
| | |
| *Attorneys for Plaintiff* | *Attorneys for Defendant Jaybird Senior Living, Inc.* |

**s/ *Sarah E. Crippen***
Sarah E. Crippen, MN Bar No. 223074
Kyle Hardwick, MN Bar No. 0395186

Best & Flanagan LLP
60 South Sixth Street, Suite 2700
Minneapolis, Minnesota 55402
Telephone: (612) 341-9733

Email: scrippen@bestlaw.com
Email: khardwick@bestlaw.com

*Attorneys for Defendant WIRC, LLC*